Opinion issued
July 29, 2010

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00952-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PATRICIA WESTBO, Appellant

 

V.

 

MARK A. METZGER, JR., Appellee

 

 



On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 2007-74745

 

 



MEMORANDUM
OPINION

Appellant, Patricia Westbo,
challenges the trial court’s rendition of summary judgment in favor of appellee,
Mark A. Metzger, Jr., in Metzger’s suit against Westbo in which he sought (1) a
declaration that Westbo had released any claims to funds that he had deposited in
lieu of a bond with the Harris County District Clerk to supersede a judgment pending
his initial appeal of the trial court’s clarification order, entered after its
divorce decree dissolving the marriage of Westbo and Metzger,[1] (2)
an order enjoining Westbo from taking any steps to obtain the funds, and (3) an
order compelling Westbo to execute documents necessary for Metzger to obtain
the funds.  In three issues, Westbo
contends that the trial court erred in granting summary judgment in favor of
Metzger on the basis of a previous default judgment obtained by Metzger in a
lawsuit he had filed against her in a Tyler County District Court[2]
and the trial court erred in entering a judgment containing “permanent
injunctions.”

We reverse and remand.

 

Background

          This
case presents a complex procedural history involving several prior proceedings
brought by the parties in Tyler County District Courts, Harris County District
Courts, the Beaumont Court of Appeals, and this Court.

In April 2002, Metzger sued his
then-wife, Patricia F. Metzger, now known as Patricia Westbo, for divorce in
the 247th District Court of Harris County under cause number 2002-21703.  The trial court[3] entered
the divorce decree in July 2002.[4]  In October 2002, Westbo filed a petition in the
trial court, seeking clarification of the decree regarding the division of certain
property.[5]  Metzger and Westbo, on June 8, 2004, entered
into a Mediated Settlement Agreement (“MSA”), the terms of which, among other
things, required Metzger to pay Westbo $75,000, convey to Westbo an annuity
account or accounts, and execute a promissory note in the amount of $45,000
secured by certain real estate in Tyler County. 
The parties, in the MSA, further provided that they would enter into an
“Agreed Judgment in the presently pending Tyler County suit over the real
estate [under cause number 18,770],”[6]
the “lawsuit pending [under cause number 2002-21703] in the 247th [would] be
concluded with an Agreed Order and Modified Divorce Decree,” each party would
“indemnify and hold the other party harmless from any and all claims a party
did or could have raised in the 247th or Tyler County District Court[s],” the
parties would “execute any and all documents necessary to effectuate” the MSA,
Westbo would convey to Metzger certain stock shares and sign over authority to
certain bank accounts, Metzger would “formally withdraw his criminal complaint”
against Westbo filed in the Tyler County District Attorney’s Office, and the
parties would consent to mutual injunctions in an “Agreed Judgment to be
entered by the Tyler County District Court enjoining each party” from entering
upon each other’s property in Tyler County. 
The parties filed the MSA with the trial court.

          Based
upon the parties’ MSA, the trial court, on June 18, 2004, entered an “Order on
Motion for Clarification of Prior Decree of Divorce.”[7]  In the clarification order, the trial court
recited that both parties appeared and announced their agreement,[8] and
it stated that the order “represented a merger of a mediation agreement [the
MSA] between the parties” and, to the extent there were any differences between
the MSA and the clarification order, the clarification order controlled.  

          Metzger
challenged the clarification order by appeal to this Court, arguing that the
trial court had erred in signing the order because Metzger had withdrawn his
consent to the MSA and the trial court lacked subject-matter jurisdiction to
enter certain portions of the clarification order that “impermissibly modified
the divorce decree’s property division, rather than merely clarifying it.”[9]  Pending his appeal, Metzger superseded the
clarification order by depositing the funds in the registry of the trial court.[10] 

This Court, on June 7, 2007, entered
our judgment on Metzger’s appeal of the trial court’s clarification order.  In our opinion, we held that there was
nothing in the record to substantiate Metzger’s contention that he had withdrawn
his consent to the MSA.[11]  And, although we further held that the trial
court abused its discretion in entering certain portions of the clarification
order, we rejected Metzger’s argument that the MSA was void in its entirety. [12]  After modifying the clarification order to
delete certain provisions, we affirmed the clarification order as modified.[13]  The Texas Supreme Court, on October 26, 2007,
denied Metzger’s petition for review of our opinion affirming, as modified, the
clarification order.

          Prior
to the issuance of our June 7, 2007 opinion, Metzger, on March 27, 2007, filed
a separate proceeding in the 88th District Court of Tyler County under cause
number 20,053.[14]  In Tyler cause number 20,053, Metzger alleged
that, prior to filing that lawsuit, he had brought another lawsuit against
Westbo concerning an alleged trespass to try title in a Tyler County District
Court in cause number 18,770.[15]  Metzger further alleged that, pursuant to the
judgment in Tyler cause number 18,770, Westbo had been required to execute
documents necessary to give Metzger clear title to a piece of real property in
Tyler County, Westbo had refused to sign these documents, the title company
“insisted upon obtaining a full release” from Westbo of her claims against
Metzger in all pending cases, Westbo had then agreed to sign this release in
return for the payment of approximately $45,000,[16]
and Westbo signed the release on May 22, 2006. 
Metzger complained that Westbo denied the effectiveness of this May 22,
2006 release, asserting that it was procured by fraud, it did not release any
claims but the judgment rendered in Tyler cause number 18,770, and Westbo
lacked the mental capacity to understand the release.[17]  

In Tyler cause number 20,053, Metzger
sought a declaration that the May 22, 2006 release was valid and not procured
by fraud and it not only released Westbo’s claims in Tyler cause number 18,770
but also her claims in the Harris County trial court under cause number
2002-21703 and the associated appeal, which was already pending in this Court
under appellate cause number 01-04-00893-CV. 
In addition to his claim for declaratory relief, Metzger also asserted
that Westbo had breached certain provisions of the MSA and had breached her
fiduciary duty to comply with specific provisions of the MSA.  Metzger attached as an exhibit to his
petition in Tyler cause number 20,053 a copy of the MSA, which, as noted above,
the Harris County trial court had expressly merged into its clarification order
in cause number 2002-21703.  In his
prayer, Metzger sought to invoke “the penalty provision” of the MSA by asking for
an award of damages.  Metzger also attached
to his petition a copy of the May 22, 2006 release.[18] 

On August 29, 2007, after this Court
had issued its opinion and judgment affirming as modified the Harris County
trial court’s clarification order, the 88th District Court of Tyler County, in
cause number 20,053 entered a “final summary judgment,” in which it stated that
Westbo had failed to appear and defaulted.[19]  Based upon Westbo’s default, the 88th
District Court rendered a “summary judgment,” in which it concluded that the
May 22, 2006 release was not obtained by fraud and that Westbo had been paid in
full in the amount of $45,000.  Significantly,
the judgment entered by the 88th District Court did not contain a declaration,
as sought by Metzger, that Westbo had released her claims in the Harris County District
Court under cause number 2002-21703 and the associated appeal in our Court.  In fact, the judgment entered by the 88th
District Court did not make any reference to Harris County cause number
2002-21703, the appeal of the clarification order to this Court, or the funds
deposited with the Harris County District Clerk.  The 88th District Court’s judgment also
contained the recital that “all relief not expressly granted herein is denied,”
indicating that it denied Metzger’s request for declarations related to the
scope of the release and that the release applied to the Harris County trial
court proceedings, the appeal in this Court, or the funds on deposit with the
Harris County District Clerk. 

Shortly after obtaining this “final
summary judgment” in the 88th District Court, Metzger, on November 26, 2007, filed
another proceeding in Tyler County District Court 1A under cause number 20,735.[20]  In his “petition for damages and injunctive
relief,” Metzger noted that he had previously filed a lawsuit against Westbo in
the 88th District Court in cause number 20,053 concerning the validity of the
May 22, 2006 release.  Metzger alleged
that in order to supersede the Harris County trial court’s judgment in cause
number 2002-21703 while the case was pending on appeal, he had deposited funds
with the Harris County District Clerk.  Contending
that the May 22, 2006 release constituted a release to any claim by Westbo to
the funds on file with the Harris County District Clerk, Metzger asserted,

These sums are still on deposit with the District
Clerk of Harris County.  [Westbo’s] full
release has been filed with the District Court in Harris County but [Westbo]
refuses to acknowledge the fact that she has released any claim to the annuity,
the premium account or the cash deposited by [Metzger] in lieu of a surety
bond. . . . [Metzger] fears that once the mandate issues on appeal, [Westbo]
will make demand upon the District Clerk of Harris County for the annuity and
the premium account or for the sums of cash on deposit with the District
Clerk.  If [Westbo] obtains same, she
will be able to place the funds beyond [Metzger’s] reach.

 

Metzger sought a declaration in Tyler
cause number 20,735 that Westbo, by executing the May 22, 2006 release, had
relinquished any claim to the funds on deposit with the Harris County District
Clerk.  He also sought an order enjoining
Westbo from taking any steps to obtain possession of the funds as well as an
order compelling her to execute necessary documents for him to obtain the
funds.  

While his suit in Tyler cause number 20,735
was pending, Metzger, on December 12, 2007, filed a nearly identical suit in
the Harris County trial court under cause number 2007-74745.  As in his newly filed action in Tyler cause
number 20,735, Metzger, in Harris County, sought a declaration that Westbo, by
executing the May 22, 2006 release, had relinquished any claim to the funds on
deposit with the Harris County District Clerk, an order enjoining Westbo from
taking any steps to obtain possession of the funds, and an order compelling her
to execute necessary documents for Metzger to obtain the funds. [21]  

As in Tyler cause number 20,053,
Westbo again did not appear in Tyler cause number 20,735.[22]  On February 8, 2008, based upon Westbo’s
default, the Tyler District Court 1A, in cause number 20,735, entered a final
judgment in favor of Metzger.  It
concluded that Metzger had deposited funds with the Harris County District
Clerk in connection with his appeal from the clarification order entered by the
Harris County trial court in cause number 2002-21703, Westbo had “fully
released any claim or interest” that she had to the funds,[23]
and Westbo should be enjoined from asserting any claim to the funds.  The Tyler District Court 1A, in cause number
20,735, further awarded Metzger a “declaratory judgment” stating that the funds
were Metzger’s “sole property,” and it ordered the Harris County District Clerk
to deliver the funds to Metzger.  

Although Westbo did not timely appear
in the Tyler District Court in cause number 20,735, she did timely appeal the judgment
to the Beaumont Court of Appeals,[24]
which, on November 26, 2008, concluded that the Tyler District Court, in cause
number 20,735, lacked subject-matter jurisdiction over the matters at issue in
Harris County.  In vacating the judgment
of the Tyler District Court in cause number 20,735, the Beaumont Court of
Appeals explained, 

[T]he injunction issued by the Tyler County district
court operated to stay the proceedings by the parties in Harris County and to
prevent Westbo from moving forward with her efforts in Harris County to execute
on the judgment. The district court in Tyler County, under the unusual facts
and circumstances here, did not have subject matter jurisdiction to grant
injunctive relief that prevented the parties from proceeding with collection
efforts that would ultimately involve a court's interpretation of terms of the
“Full Release” that had not previously been interpreted by a court. See Tex.
Civ. Prac. & Rem.Code Ann. § 65.023(b). Therefore, the Tyler County
district court acted without subject matter jurisdiction in issuing the
injunction; its judgment is therefore void.  See
generally Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003).[25]

 

The Beaumont Court of Appeals further
explained,

[T]he current issue between these parties is whether
the “Full Release” operates as a release of Westbo’s claim to the funds on
deposit with the District Clerk of Harris County.  That issue concerns the construction of the
terms of the release and how they may affect the Harris County judgment. The construction of the terms of the “Full
Release” was not addressed by either of the previous Tyler County district
court judgments.[26]

 

(Emphasis added). Thus, the Beaumont
Court of Appeals, after engaging in a thorough and detailed review of the
history of extensive litigation brought by 
Metzger, determined that no court had yet addressed the critical issue
of the construction of the release and how it could affect the judgment entered
by the Harris County trial court, our Court’s judgment, or the funds.     

          After
losing in the Beaumont Court of Appeals, Metzger, on May 15, 2009, filed a
motion for partial summary judgment in the Harris County trial court, seeking a
judgment that the May 22, 2006 release was valid, was not procured by fraud,
and was supported by consideration. 
Metzger contended that the summary judgment entered by the Tyler District
Court under cause number 20,053 entitled him to this judgment as a matter of
law.  Remarkably, Metzger further
asserted that the opinion of the Beaumont Court of Appeals, which had vacated
the judgment that had been entered in his favor in the Tyler District Court in
cause number 20,735, and which had determined that the Tyler District Court
lacked subject matter jurisdiction over the issues, could be interpreted in his
favor and established his right to summary judgment.  

          On
June 11, 2009, Westbo filed her response to Metzger’s partial summary judgment
motion.  She argued that the Tyler County
District Courts lacked jurisdiction “to interfere” with the Harris County
District Courts in determining whether the funds deposited by Metzger to supersede
the Harris County trial court’s clarification order should be given to Westbo
or Metzger.  Westbo noted that in the
instant proceeding, Metzger was making the non-sensical allegation that, by
executing the May 22, 2006 release, she had agreed to release all of the funds
on deposit with the Harris County District Clerk, which totaled over $267,000,
in exchange for a $45,000 payment—“money which Metzger already owed Westbo
under the” clarification order.  Westbo
contended that she did not “release her rights” to the funds, she lacked the
capacity to sign the release, and Metzger had intentionally misrepresented to
the trial court the force of the Beaumont Court of Appeals opinion.[27]  Westbo asserted that “the language of the
release is completely botched,” it did not release Metzger from his obligation
to supersede the judgment of the Harris County District Court under number
2002-21703, and, “at its very best,” is ambiguous, which creates “a fact issue”
that cannot be properly resolved by summary judgment.  

          On
June 18, 2009, the Harris County trial court granted Metzger’s partial summary
judgment motion on the issue that the May 22, 2006 release “is valid.”  On June 29, 2009, Metzger then filed a motion
for “final summary judgment,” in which he argued that Westbo, as a matter of
law, had released any claim in Harris County trial court cause number
2002-21703.  He asserted that she, thus, “has
no claim” to the funds that he had deposited with the Harris County District
Clerk.  Metzger also sought an order
requiring the Harris County District Clerk to release the funds to him.  

After the filing of numerous
additional responses and motions by both parties, the trial court, on October
2, 2009, granted final summary judgment for Metzger.  The trial court concluded that because Westbo
had “released any and every claim that she had” in cause number 2002-21703, she
was enjoined from making any claim to the funds deposited by Metzger with the
Harris County District Clerk and taking any steps from interfering with
Metzger’s obtaining those funds.  

The trial court, in its final
judgment, also ordered the Harris County District Clerk to immediately release
to Metzger the deposited funds.  However,
the final judgment also contains a handwritten notation stating, “Hold per
request of Judge Hellums [the trial court judge] . . . to 10-8-09.”  The trial court’s handwritten notation, the
docket sheet, and other documents in the record, indicate that after the entry
of the final judgment, the trial court elected to hold its ruling.   

However, on October 8, 2009, Metzger
filed a motion to recuse the trial court judge, alleging that, by “holding” the
October 2, 2009 final judgment, which resulted in the Harris County District
Clerk not immediately releasing the funds to him, the trial judge had “interfered
with the ministerial duties of the Harris County District Clerk.”  On November 3, 2009, Judge Olen Underwood, the
administrative judge for the region, denied Metzger’s motion to recuse the
trial judge.  

Judge Underwood’s ruling would likely
have allowed the trial court to take further action if it had decided to do so
in regard to its October 2, 2009 judgment. 
However, as indicated in the trial court’s docket sheet, Metzger, on
November 4, 2009, filed another motion to recuse the trial court judge.[28]  Metzger generally repeated the allegations
contained in his first motion to recuse, and he asserted that, by holding the
order, the trial court was “tampering with a governmental record.”[29]   
          There
is no indication in the record that the trial court ever reconsidered or
modified its October 2, 2009 final judgment. 
The Harris County District Clerk did not release the funds to Metzger,
and the record before us indicates that the Harris County District Clerk
continues to hold the funds.[30]

Standard of Review

To prevail on a summary judgment
motion, a movant has the burden of proving that it is entitled to judgment as a
matter of law and that there is no genuine issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995).  When a plaintiff moves for
summary judgment on its claim, it must establish its right to summary judgment
by conclusively proving all the elements of its cause of action as a matter of
law.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Anglo-Dutch Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87, 95
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).  When deciding whether there is a disputed,
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548–49 (Tex. 1985).  Every
reasonable inference must be indulged in favor of the non-movant and any doubts
must be resolved in its favor.  Id. at 549.

Summary Judgment

In her first two issues, Westbo argues
that the trial court erred in granting summary judgment in favor of Metzger on
the basis of a previous default judgment obtained by Metzger in the Tyler District
Court in cause number 20,053 because the Tyler District Court lacked
jurisdiction over the matter.  Westbo asserts
that the judgment of the Tyler District Court in cause number 20,053 is void
and, even if not void, “there remains an issue of fact on Westbo’s lack of
capacity defense, which was not decided in the Tyler case.”  Within these issues, Westbo also generally
asserts that Metzger offered “no evidence to support summary judgment other
than the release agreement itself and the judgment in [Tyler District Court
cause number 20,053].”

In the underlying proceedings giving
rise to the instant appeal, Metzger sought through summary judgment a
declaration that the May 22, 2006 release was valid and Westbo had released any
claim in Harris County trial court cause number 2002-21703 and the associated
appeal in our Court.  He contended that Westbo
could not make a claim to the funds that Metzger had deposited with the Harris
County District Clerk to supersede the clarification order.  The only “evidence” presented by Metzger in
support of his summary judgment motion were the judgment of the Tyler District
Court in cause number 20,053 and the May 22, 2006 release.

Metzger had requested a declaration
from the Tyler District Court in cause number 20,053 stating that Westbo had released
her claims in the Harris County trial court and the associated appeal as well
as any claims to the funds on deposit with the Harris County District Clerk.  However, the actual summary judgment rendered
by the Tyler District Court in cause number 20,053 was much more limited.  The summary judgment rendered by the Tyler District
Court in cause number 20,053 simply provided that the release was not obtained
by fraud and that Westbo had been paid $45,000 “per mediated settlement.”  The Tyler District Court in cause number 20,053
did not include within its judgment the much broader declaration requested by
Metzger that Westbo had released any and all claims against Metzger, including
those arising out of the Harris County litigation.[31]  The Tyler District Court in cause number
20,053 also did not interpret or construe the release, and thus, its order
provided no support for the Harris County trial court’s “final judgment,” in
which is declared that Westbo had “released any and every claim that she had”
in cause number 2002-21703 and ordered Westbo not to make any claim to the
funds deposited with the Harris County District Clerk or take any steps to
interfere with Metzger’s obtaining those funds.

          The
only other evidence that Metzger presented to the trial court was the release
itself.  The release is, in many
respects, incomprehensible.  At a
minimum, it is ambiguous as to what, if anything, Westbo was agreeing to
release by executing it.  The release
provided,  

          In
consideration of the payment in full of the sum of Forty Five Thousand Dollars ($45,000.00),
being the same consideration mentioned in that one certain Special Warranty Deed
of even date herewith from the undersigned to Mark Metzger, Jr. the receipt and

sufficiency of which is hereby acknowledged, the
undersigned being the defendant in the cause(s) of action described in the instruments
hereinafter mentioned, and being the legal owner and holder of the claims and liens
set forth therein does hereby release from such claims and liens: (i) Mark Metzger,
Jr. and (ii) the hereinafter described real property, to-wit :

 

Final Judgment signed and entered by the 88th Judicial
District Court of Tyler County, Texas, on June 28, 2004 in Cause No. 18,770
styled Mark A. Metzger, Jr., Plaintiff, vs. Patricia Westbo Metzger, Defendant,

 

Trial Cause No. 2002-21703: In the Matter of the
Marriage of Mark A. Metzger, Jr. and Patricia F. Metzger; In the 247th District
Court of Harris County, Texas; and

 

Appeal No. 01-04-0893-CV; In the Court of Appeals for
the First Supreme Judicial District at Houston, Texas, Mark A. Metzger, Jr.,
Appellant VS Patricia F. Metzger Westbo, Appellee

 

covering property described as follows:

 

. . . .

 

The release then identified seven
tracts of land located in Tyler County, which were more fully described in an
attached “Exhibit A.”  This exhibit contained
information about the recording and public filings related to the tracts of
land.

The release is difficult to
comprehend.  One possible, reasonable interpretation
is that the release was merely intended to release any dispute to the title of
the properties located in Tyler County and that such a release should be
applied in all jurisdictions in which the parties had matters pending.  This interpretation is supported by Metzger’s
own pleading in the Tyler District Court in cause number 20,053, wherein he
explains,

          Facts:
There was a pretrial lawsuit between these same parties in [Tyler D.C. no.
18,770].  That suit involved the title to
real property in this [Tyler] county. 
Pursuant to the judgment in that case, [Westbo] was to execute the documents
necessary give [Metzger] clear title. 
[Westbo] refused to execute the documents necessary to give [Metzger]
clear title to the property until faced with the prospect of a motion to show
cause.  On information and belief,
through her attorney of record, [Westbo] threatened the title company that was
to insure the title with litigation.  The
title company insisted on obtaining a full release from [Westbo] of her claims
against [Metzger] and of the other cases that she has that involve [Metzger].

 

As evidenced from this passage, the
genesis of the release concerned litigation commenced in Tyler County related
to the parties’ real property located in Tyler County.  Metzger, through these pleadings, judicially
admits that the May 22, 2006 release was required, at least in part, by the
title company.  

Moreover, Metzger’s own explanation
about the genesis of the release comports with the language of the release
itself, which appears to be focused on the release of any claims or liens to
the tracts of real property that are specifically identified both in the
release and the attached “Exhibit A.”[32]  Although the release makes reference to the
Harris County trial court proceeding and the appeal in this Court, the language
immediately following this reference (“covering property described as follows”)
indicates that, to the extent Westbo may have released any pending claims or
future claims in the Harris County proceedings, she released only claims, or
the right to assert future claims, covering the real property described in the
release.  At a minimum, the evidence and
pleadings before the Harris County trial court establish that the release is
ambiguous, there is a fact issue on the proper construction of the release, and
this fact issue could not have been properly resolved by the trial court on summary
judgment.  

The Beaumont Court of Appeals noted
in its opinion that no trial court has yet addressed the proper construction of
the terms of the release.  Westbo, 2008 WL 4998349.   We
agree.  It also appears that the Harris
County trial court below did not address or consider the proper construction of
the terms of the release, but instead erroneously resolved the case on summary
judgment simply on the basis of the judgment of the Tyler District Court in
cause number 20,053.  As noted above,
however, the judgment of the Tyler District Court in cause number 20,053 was
very limited, did not touch on the Harris County proceedings or the funds, and does
not support the Harris County trial court’s judgment.  And, to the extent that the trial court may have
addressed the construction of the release in granting summary judgment, it
erred.  The release is, at best,
ambiguous, and it is, in many respects, incomprehensible. It provided no basis
for the trial court to conclude, as a matter of law, that Westbo had released
any claims to the funds deposited with the Harris County District Clerk.  

In sum, the Harris County trial
court, based upon the judgment of the Tyler District Court in cause number
20,053 and the release, could not have determined, as a matter of law, that
Westbo, by executing the May 22, 2006 release, had “released any and every
claim that she had” in cause number 2002-21703 as well as the funds on deposit
with the Harris County District Clerk.  Also,
the trial court could not have determined on summary judgment that Westbo
should be enjoined from making any claim to the funds and taking any steps from
interfering with Metzger’s obtaining of the funds.  Accordingly, we hold that the trial court
erred in granting Metzger’s summary judgment motion.

As a final note, we must address
Westbo’s primary argument on appeal that the trial court’s rendition of summary
judgment was improper because the Tyler District Court in cause number 20,053
lacked subject matter jurisdiction.  She
asserts that the judgment upon which the trial court relied in granting its summary
judgment was void.  We agree with Westbo
that the Beaumont Court of Appeals correctly held that the Tyler District Court
in cause number 20,735 lacked subject matter jurisdiction to grant injunctive
relief that operated to stay proceedings in Harris County and prevented Westbo
from moving forward with her efforts in Harris County to execute on the
judgment.  See Westbo, 2008 WL 4998349, at *3 (“The district court in Tyler
County, under the unusual facts and circumstances here, did not have subject
matter jurisdiction to grant injunctive relief that prevented the parties from
proceeding with collection efforts that would ultimately involve a court’s interpretation
of terms of the ‘Full Release’ that had not been previously interpreted.”).  For the same reasons articulated by the
Beaumont Court of Appeals, we agree that, if the Tyler District Court in cause
number 20,735 had issued similar relief operating to stay collection efforts in
Harris County, then it would have also lacked subject matter jurisdiction to
provide such relief.   However, the actual judgment entered by the
Tyler District Court in cause number 20,053 was limited solely to the validity
of the release as it related to the proceedings before it.  The Tyler District Court in cause number 20,053
did not make declarations touching upon the Harris County trial court
proceedings and the funds on deposit with the Harris County District
Clerk.  Thus, under the plain terms of the
actual judgment of the Tyler District Court in cause number 20,735, the
judgment is not void on the basis that the Tyler District Court lacked subject
matter jurisdiction to enter it. 

We sustain Westbo’s issues.

 

 

 

 

Conclusion

          We
reverse the judgment of the trial court and remand for proceedings consistent
with our opinion. 

 

 

                                                          Terry
Jennings

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Massengale.











[1]           Metzger
deposited cash, an annuity, and an account (herein collectively referred to as
the “funds”) with the Harris County District Clerk pending his appeal of the trial
court’s clarification order.  In an
opinion issued in Metzger’s prior appeal of the clarification order, this Court
affirmed, as modified, the clarification order. 
See Metzger v. Metzger, No.
01-04-00893-CV, 2007 WL 1633445 (Tex. App.—Houston [1st Dist.] June 7, 2007,
pet. denied) (mem. op.).

 





[2]           See Metzger v. Westbo, No. 20,053 (88th Dist. Ct., Tyler County, Tex. Aug.
29, 2007).

 





[3]           For
convenience, we refer to the 247th District Court of Harris County as the
“trial court,” although, as explained herein, the 247th District Court
conducted several relevant proceedings involving Westbo and Metzger prior to
the underlying trial court proceedings that give rise to the instant
appeal.  The trial court originally
conducted the proceedings involving the original divorce decree and the
proceedings regarding a subsequent clarification order both under cause number
2002-21703.  The trial court subsequently
conducted the underlying proceedings concerning Metzger’s efforts to obtain the
funds that he had previously deposited with the Harris County District Clerk in
order to supersede the clarification order pending his appeal under cause
number 2007-74745.  The trial court’s
proceedings under cause number 2007-74745 give rise to the instant appeal.

 





[4]           See In re Marriage of Mark A. Metzger & Patricia
F. Metzger, No. 2002-21703 (247th
Dist. Ct., Harris County, Tex. July 1, 2002) (original divorce proceeding
granting divorce decree).

 





[5]           See In re Marriage of Mark A. Metzger & Patricia
F. Metzger, No. 2002-21703 (247th
Dist. Ct., Harris County, Tex. June 18, 2004) (clarification order proceeding).

 





[6]           Based
upon the record before us and the timeline of events, this appears to be the
case styled Metzger v. Metzger, No.
18,770 (88th Dist. Ct., Tyler County, Tex.) involving real estate in Tyler
County.





[7]           See id.

 





[8]           Despite
this recitation, only the signature from Westbo’s attorney appears on the
clarification order.  In our prior
opinion from the appeal of the clarification order, we stated that Metzger
objected to Westbo’s proposed order.  See Metzger, 2007 WL 1633445, at *2.

 





[9]        See id. at * 3–4.

 





[10]       See Tex.
R. App. P. 24.1 (providing that debtor may supersede judgment by making
deposit with trial court clerk in lieu of filing surety bond).  We note that in the course of his prior
appeal to this Court, Metzger made several complaints, accompanied by multiple
requests for emergency relief, about the trial court’s orders related to the
funds he was required to deposit with the Harris County District Clerk in order
to supersede the judgment.  See In re Metzger, No. 01-06-00622-CV,
2006 WL 2075940 (Tex. App.—Houston [1st Dist.] July 27, 2006, orig. proceeding)
(mem. op.); In re Metzger, No.
01-06-00651-CV, 2006 WL 2076030 (Tex. App.—Houston [1st Dist.] July 27, 2006,
orig. proceeding) (mem. op.); In re
Metzger, No. 01-05-00437-CV, 2005 WL 1111078 (Tex. App.—Houston [1st Dist.]
May 3, 2005, orig. proceeding) (mem. op.). 
We denied all requested relief.

 





[11]       See Metzger, 2007 WL 1633445, at *3.

 





[12]       See id. at *7.  

 





[13]         See id.  

 





[14]         See Metzger v. Westbo, No. 20,053 (88th Dist. Ct., Tyler County, Tex. Aug.
29, 2007).  We discern the filing date of
Metzger’s action in the 88th District Court of Tyler County based upon the file
stamp on Metzger’s first amended petition. 

 





[15]         Metzger v. Westbo, No. 18,770 (Dist. Ct. Tyler County, Tex.); see also Westbo v. Metzger, Nos. 09-08-200CV, 09-08-241-CV, 2008 WL
4998349, at *3 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.)
(referring to the trespass to try title cased filed by Metzger in Tyler County
District Court as cause number 18,770).  

 





[16]         According
to Metzger, Westbo agreed to sign a “full release” in exchange for Metzger’s
agreement to pay her approximately $45,000. 
However, it is undisputed that Metzger was already obligated to pay this
amount under the clarification order that was pending on appeal in our Court.  

 





[17]       In her
filings, Westbo contends that she lacked the mental capacity to understand the
release because, just prior to singing the release, she had suffered a
debilitating stroke.  Westbo also
contends that she signed the release without her counsel present.

 





[18]         In the
May 22, 2006 release, Westbo stated that she had been paid $45,000. She also
referred to the final judgment entered in Tyler cause number 18,770 as well as
the Harris County trial court cause number 2002-21703 and the associated appeal
in our Court under appellate cause number 01-04-00893-CV.  As discussed below, the release, at a
minimum, is ambiguous, and, in many respects, is incomprehensible. 

 





[19]       In her
briefing, Westbo represents that she was unaware that Metzger was pursuing
relief in the Tyler County District Courts.

 





[20]         Metzger v. Westbo, No. 20,735 (Dist. Ct. 1A, Tyler County, Tex. Feb. 8, 2008).





[21]         Metzger
also named the Harris County District Clerk as a defendant in cause number
2007-74745.  The Harris County District
Clerk was dismissed from that proceeding, and Metzger’s claims against the
Harris County District Clerk are not at issue in this appeal.  As discussed below, however, Metzger
subsequently filed a separate lawsuit against the Harris County District Clerk
regarding its refusal to release the funds to him.

 





[22]         See Westbo,
2008 WL 4998349, at *2 (stating that Westbo did not file answer in cause number
20,735).

 





[23]         The Tyler
District Court, in cause number 20,735, recognized in its judgment that the
annuity and account to which Westbo had allegedly released her rights had
already been awarded to her in the final judgment in the Harris County trial
court under cause number 2002-21703.

 





[24]       Westbo, 2008 WL 4998349.

 





[25]         Id. at *3.

 





[26]       Id.





[27]         Metzger,
in his motion, asserted that the Beaumont Court of Appeals, which vacated the
judgment in his favor, should be interpreted to conclusively establish that the
release was valid, was not procured by fraud, and was supported by consideration.  In support of this assertion, Metzger
excerpted the following paragraph from the opinion:

 

Seeking declaratory relief under the release, Metzger
filed a declaratory judgment action against Westbo in cause number 20,053.
Westbo did not answer. Metzger apparently moved for summary judgment. The trial
court’s summary judgment states that the release is valid, that it was not
procured by fraud, and that it was supported by consideration. Those issues,
however, are not now in dispute.

 

          Westbo, 2008 WL
4998349, at *3. As Westbo notes, however, when read in context, the Beaumont
Court of Appeals, with this passage, merely states that the issue before it
concerned whether Westbo released her claims to the funds deposited with the
Harris County District Clerk.  The
Beaumont Court of Appeals was not presented with any dispute about the validity
of the release.  See id.





[28]         In yet
another proceeding, Metzger filed a petition for writ of mandamus in this Court
seeking a writ compelling the trial court, or Judge Underwood, to rule on his
second motion to recuse.  See In re Metzger, No. 01-10-00035-CV,
2010 WL 547575 (Tex. App.—Houston [1st Dist.] Feb. 17, 2010, orig.
proceeding).  We dismissed this
proceeding as moot.  See id.  

 





[29]         Attached
to Metzger’s motions to recuse were a verification signed by Metzger’s counsel,
Elsie Martin-Simon, in which Ms. Simon verified her factual allegations
underlying her claim that that the trial judge had violated the Penal Code and
tampered with governmental records. See
Tex. Penal Code Ann. § 37.10
(Vernon Supp. 2009).

 





[30]       Metzger
brought a separate “writ of mandamus” proceeding against the Harris County
District Clerk in the 270th District Court of Harris County under cause number
2009-73276.  He sought an order compelling
the Harris County District Clerk to release the 
funds.  The 270th District Court
denied Metzger’s writ of mandamus, and Metzger has appealed this denial in a
separate proceeding to this Court under appellate cause number
01-10-00144-CV.  We contemporaneously
issue an opinion in this separate proceeding, affirming the denial of Metzger’s
petition for writ of mandamus, with our issuance of this opinion.  Metzger
v. Jackson, No. 01-10-00144-CV (Tex. App.—Houston [1st Dist.] July 29,
2010, no pet. h.) (mem. op.).





[31]             Again,
the judgment of the Tyler District Court in cause number 20,735, which included
broad declarations that Westbo had “fully released any claim or interest” that
she had to the funds and that the funds were Metzger’s “sole property,” had already
been vacated by the Beaumont Court of Appeals. 


 





[32]       The
Beaumont Court of Appeals summarized Metzger’s argument as follows:

 

Metzger . . . . argues that the trial court in Tyler
County was authorized to construe and enforce a release that arose from
litigation between these same parties over real property located in Tyler
County.

 

          Westbo, 2008 WL 4998349,
at *2.